# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOVANNA SNIDER-CARPENTER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 10-3063-CV-S-FJG ) |
| CITY OF DIXON, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiffs' Motion to Vacate Grant of Summary Judgment for Mayo Defendants, Reverse Grant of Summary Judgment for Dixon Defendants and Grant Plaintiffs' Motion for Partial Summary Judgment (Doc. 135).

### I. BACKGROUND

On March 15, 2012, the Court issued an Order granting the Dixon Defendants' Motion for Summary Judgment, denying the plaintiffs' Motion for Partial Summary Judgment and dismissing any constitutional claims that plaintiffs "may have brought against the Mayo Defendants *sua sponte*." (Doc. # 123). An Amended Judgment was subsequently entered which clarified that "The Court further dismissed any claims Plaintiffs may have brought against the Mayo Defendants sua sponte." (Doc. # 125). Plaintiffs filed a Notice of Appeal on April 3, 2012. On April 3, 2013, the Court of Appeals issued an opinion dismissing the appeal and remanding the matter to the district court to "specifically address the plaintiffs' FHA claim against the Mayo Defendants or otherwise hold further proceedings consistent with this opinion." (Doc. #131). On May 13, 2013, the case was reassigned to the undersigned. On June 10, 2013, plaintiffs filed

a Motion to Vacate the Court's earlier order granting summary judgment for the Mayo Defendants and Reversing the Grant of Summary Judgment for the Dixon Defendants and Granting Plaintiffs' Motion for Partial Summary Judgment (Doc. # 135).

## II. STANDARD

Fed.R.Civ.P. 59(e) provides, " [a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." In B.M. ex rel. Miller v. South Callaway R-II School Dist., No. 11-4029-NKL, 2012 WL 5818001, (Nov. 15, 2012), the Court stated:

> A district court has broad discretion in determining whether to grant a motion to alter or amend judgment. . . .Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. . . .The purpose of the Rule is to allow the district court the power to rectify its own mistakes in the period immediately following the entry of judgment. . . .A rule 59(e) motion to alter or amend must show: 1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice.

Id. at *1 (internal citations and quotations omitted).

There is no specific rule which references Motions to Reconsider in the Federal Rules of Civil Procedure. "However, the Eighth Circuit Court of Appeals has determined that motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders." Wichmann v. Proctor & Gamble Manufacturing Co., No. 4:06CV1457 HEA, 2007 WL 735017, *1 (E.D.Mo. Mar. 8, 2007)(internal citations and quotations omitted). Similarly, in In re Genetically Modified Rice Litigation, No. 4:06MD1811 CDP, 4:07CV416 CDP, 2008 WL 80663 (E.D.Mo. Jan. 7, 2008), the Court stated:

> In this circuit, motions for reconsideration are construed as Rule 60(b) motions. Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b)

2

> motions should not be granted as a result of reargument of the merits but must be based on the circumstances enumerated in the Rule. Id. These circumstances include: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence that could not have been discovered with reasonable diligence, fraud, the judgment being void, and satisfaction, release, or discharge of the judgment. Fed.R.Civ.P. 60(b). In this Circuit, relief for judicial error under Rule 60(b)(1) - the section dealing with mistake- is only available for judicial inadvertence. Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 460-61 (8th Cir. 2000).

Id. at *1.

### III. DISCUSSION

In their motion, plaintiffs state that the District Court erred in granting the Dixon defendants' Motion for Summary Judgment and in sua sponte granting Ronald Mayo, Janet Mayo and Dixon Realty Leasing, Inc.'s summary judgment on the Fair Housing and civil rights claims where plaintiffs have asserted a continuing pattern of sexual discrimination. Plaintiffs also argue that the district court erred when it denied plaintiffs' motion for partial summary judgment.

Plaintiffs filed their Motion to Vacate pursuant to Fed.R.Civ.P. 59 and/or Rule 60. Initially, the Court notes that a motion filed under Fed.R.Civ.P. 59(e) must be filed within twenty-eight days after the entry of the judgment. The Order ruling the summary judgment motions was entered on March 15, 2012. Thus, a Motion under Fed.R.Civ.P. 59(e) is untimely. Additionally, the Court notes that Fed.R.Civ.P. 60(c) provides, "[a] motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Thus, a motion under Fed.R.Civ.P. 60 is also untimely. However, even if the motions were not untimely, the Court finds that the previous Order ruling the motions for summary judgment is the law of the case and there is no reason to revisit

3

these rulings.

In <u>First Union Nat. Bank v. Pictet Overseas Trust Corp. Ltd.</u>, 477 F.3d 616, 620 (8th Cir.2007), the Court stated:

> [w]e have described the law of the case doctrine as providing that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." <u>Morris v. American Nat'l Can Corp.</u>, 988 F.2d 50, 52 (8th Cir.1993)(quoting <u>Arizona v. California</u>, 460 U.S. 605, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). The underlying intent of the doctrine is to "prevent[ ] the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." <u>Little Earth of the United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev.</u>, 807 F.2d 1433, 1441 (8th Cir.1986). The doctrine applies to appellate decisions, <u>see</u> <u>Mosley v. City of Northwoods</u>, 415 F.3d 908, 911 (8th Cir. 2005), as well as to final decisions by the district court that have not been appealed. <u>Little Earth</u>, 807 F.2d at 1441 (citing <u>In re Design Classics, Inc.</u>, 788 F.2d 1384, 1386 (8th Cir. 1986)). It does not apply to interlocutory orders, however, "for they can always be reconsidered and modified by a district court prior to entry of a final judgment." <u>United States v. Hively</u>, 437 F.3d 752, 766 (8th Cir.2006)(citing <u>Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.</u>, 48 F.3d 1066, 1070 (8th Cir.1995)).

In <u>Van Horn v. Van Horn</u>, 393 F.Supp.2d 730 (N.D.Iowa 2005), the Court noted, "[u]nder law of the case doctrine, a court typically need not depart from a prior holding unless 'substantially different evidence is subsequently introduced or the decision is clearly erroneous and works manifest injustice." <u>Id</u>. at 740 (citing <u>Little Earth of the United Tribes, Inc. V. United States Dep't of Hous. & Urban Dev.</u>, 807 F.2d 1433, 1441 (8th Cir.1986)). In the instant case, the motion filed by plaintiffs is simply a rehashing of arguments which were previously raised during the summary judgment briefing. Thus, the Court sees no need to revisit the previous decision ruling the parties' motions for summary judgment. The Eighth Circuit dismissed the appeal because it determined that the district court had not "evince[d] a clear intent" to render judgment in the Mayo Defendants' favor on the FHA claim. (Eighth Circuit Opinion, Doc. # 131-1, p. 4). The

4

Eighth Circuit found that "[t]he district court's order did not end the litigation on the merits because the FHA claim against the Mayo Defendants remains." Id. at p. 6. Because this is the only claim which the Eighth Circuit found to be unaddressed by the previous order, the Court finds that briefing by the parties should be limited to only the FHA claim.

## IV.  CONCLUSION

Accordingly for the reasons stated above, the Court hereby **DENIES** plaintiffs' Motion to Vacate the Grant of Summary Judgment for the Mayo Defendants, Reverse the Grant of Summary Judgment for the Dixon Defendants and Grant Plaintiffs' Motion for Partial Summary Judgment (Doc. # 135).

The Eighth Circuit Court of Appeals determined that the FHA claim against the Mayo defendants remains pending.  The Eighth Circuit remanded the case so that this Court could "specifically address the plaintiffs' FHA claim against the Mayo defendants or otherwise hold further proceedings consistent with this opinion."  (Doc. # 131). Therefore, in order that the appeal of this case may proceed, the Court must resolve the pending FHA claim against the Mayo defendants.  Accordingly, the Court hereby **ORDERS** the parties to file dispositive motions on the FHA claim on or before **July 15, 2013**.

Date:  June 20, 2013                                                  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                      Fernando J. Gaitan, Jr.
                                                                           Chief United States District Judge